UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH GOODEN,

                    Plaintiff,                                    Hon. Ellen S. Carmody

v.                                                               Case No. 1:18-cv-131

KNOLL, INC.,

                    Defendant.
_____/


## OPINION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 27). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, Defendant's motion is **granted in part and denied without prejudice in part**, and this matter **terminated**.


## BACKGROUND

Plaintiff, an African-American, began working for Knoll, Inc. on August 31, 2007. (ECF No. 3). On December 27, 2016, Plaintiff filed a Charge of Discrimination with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission (EEOC). (ECF No. 28-13 at PageID.214). Plaintiff alleged that he was alone required to do the same amount of work as an unidentified number of Caucasian workers were required to complete as a group. (*Id.*). Plaintiff also alleged that unlike his "co-workers," he was not provided a company email address. (*Id.*). Plaintiff asserted this conduct constituted racial discrimination.

(*Id.*).   Plaintiff alleged this conduct began on June 1, 2015 and constituted a "continuing action."

(*Id.*).   On May 10, 2017, the EEOC terminated its investigation having discovered no evidence

that Knoll violated Plaintiff's rights.   (ECF No. 28-14 at PageID.216).   Plaintiff was notified of

his right to pursue legal action regarding this matter, but expressly warned that any such action

had to be initiated within 90 days.   (*Id.*).   Plaintiff did not pursue the matter further.

On May 26, 2017, Plaintiff filed another Charge of Discrimination with the

Michigan Department of Civil Rights and the EEOC.   (ECF No. 28-15 at PageID.218).   Plaintiff

alleged that his employment with Knoll was terminated on March 27, 2017, in retaliation for

pursuing his previous EEOC complaint.   (*Id.*).   Plaintiff alleged that the discrimination which

formed the basis of this complaint constituted "retaliation" only.   (*Id.*).   Plaintiff also alleged that

this discrimination began and ended on March 27, 2017 and did not constitute a continuing action.

(*Id.*).   On November 3, 2017, the EEOC terminated its investigation having discovered no

evidence that Knoll violated Plaintiff's rights.   (ECF No. 28-16 at PageID.220).   Plaintiff was

notified of his right to pursue legal action regarding this matter, but expressly warned that any such

action had to be initiated within 90 days.   (*Id.*).

Plaintiff initiated the present action on February 6, 2018, alleging: (1) racial

discrimination in violation of Title VII of the Civil Rights Act of 1964; (2) racial discrimination

in violation of Michigan law; (2) retaliation in violation of Title VII of the Civil Rights Act of

1964; (4) retaliation in violation of Michigan law; and (5) retaliation in violation of the Family and

Medical Leave Act (FMLA).   Defendant Knoll now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve

factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.          **Exhaustion – Title VII Racial Discrimination Claim**

Plaintiff cannot assert his Title VII claim in this Court unless he first pursued such before the EEOC. *See Tisdale v. Federal Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (quoting *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992)). While a pro se plaintiff's complaint to the EEOC must be "liberally construed," any subsequent judicial action "must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of

discrimination." *Tisdale*, 415 F.3d at 527; *Duggins v. Steak 'N Shake*, 195 F.3d 828, 831-32 (6th Cir. 1999). Accordingly, "where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Tisdale*, 415 F.3d at 527.

As noted above, in his second complaint to the EEOC, Plaintiff alleged that his employment with Knoll was terminated on March 27, 2017, in retaliation for pursuing his previous EEOC complaint. Plaintiff characterized the discrimination which formed the basis of this complaint as "retaliation" only and did not constitute a continuing violation. Even interpreting Plaintiff's EEOC complaint liberally, it alleges only a single discrete act of retaliation. It is not reasonable to interpret Plaintiff's EEOC complaint as advancing a claim of racial discrimination and Plaintiff has presented no evidence that it was so interpreted. Accordingly, the Court concludes that Plaintiff's Title VII racial discrimination claim must be dismissed for failure to exhaust administrative remedies.

## II.        Retaliation – Family and Medical Leave Act

Plaintiff alleges that Defendant retaliated against him in violation of the Family and Medical Leave Act (FMLA). The FMLA makes it unlawful "for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this chapter." *Bush v. Compass Group USA, Inc.*, 683 Fed. Appx. 440, 450-51 (6th Cir., Mar. 23, 2017) (quoting 29 U.S.C. § 2615(a)(2)).

In the absence of direct evidence of retaliation, Plaintiff's claim is evaluated pursuant to the familiar *McDonnell Douglas* burden-shifting framework. *See Edgar v. JAC Products, Inc.*, 443 F.3d 501, 508 (6th Cir. 2006). Pursuant to this framework, Plaintiff must first

establish a prima facie case of retaliation.    To establish a prima facie case of retaliation under the

FMLA, Plaintiff must establish the following: (1) Plaintiff was engaged in activity protected by

the FMLA; (2) his employer knew Plaintiff was exercising his rights under the FMLA; (3) after

learning that Plaintiff was exercising his FMLA rights, the employer took an employment action

adverse to Plaintiff; and (4) there exists a causal connection between the protected FMLA activity

and the adverse employment action.   *See Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012).

If Plaintiff makes this showing, the burden shifts to Defendant to present a legitimate, non-

discriminatory reason for taking the adverse employment action.   *Ibid.*   If Defendant makes the

requisite showing, the burden shifts back to Plaintiff to demonstrate that Defendant's proffered

rationale is merely "a pretext for unlawful discrimination."   *Id.* at 761-62.

      The allegations in Plaintiff's amended complaint fail to establish a prima facie case

of FMLA retaliation.   Plaintiff alleges that he "took leave under the FMLA on an intermittent

basis," but fails to allege facts concerning the remaining elements of this claim.   (ECF No. 3).   In

response to the present motion, Plaintiff completely ignores Defendant's argument that this claim

should be dismissed.   Plaintiff alleges no further facts relative to this claim and, more importantly,

has identified no evidence which establishes a prima facie case.   Accordingly, Defendant is

entitled to summary judgment as to this claim.

**III.**          **Retaliation – Title VII**

      Plaintiff alleges that Defendant unlawfully retaliated against him in violation of

Title VII.   To prevail, Plaintiff must first establish a prima facie case by demonstrating the

following: (1) he was engaged in activity protected by Title VII; (2) Defendant knew that Plaintiff

was engaged in protected conduct; (3) Defendant took an action that was "materially adverse" to

Plaintiff and which would deter a reasonable worker from making or supporting a charge of discrimination; and (4) there exists a causal connection between the protected conduct and the materially adverse action. *See Laster v. City of Kalamazoo*, 746 F.3d 714, 730-31 (6th Cir. 2014). If Plaintiff makes this showing, the burden shifts to Defendant to articulate a legitimate, non-retaliatory reason for its action. *Johnson v. Donahoe*, 642 Fed. Appx. 599, 602-03 (6th Cir., Mar. 2, 2016). If Defendant satisfies this burden, Plaintiff must then demonstrate that Defendant's proffered rationale was merely a pretext for unlawful retaliation. *Id.* at 603.

A.        Plaintiff has Established a Prima Facie Case

Plaintiff alleges that his protected conduct in this matter is the filing in December 2016 of his initial EEOC complaint alleging racial discrimination. (ECF No. 3 at PageID.12-14). Defendant does not dispute that this action constitutes protected conduct. As for the second element, there is no dispute that Defendant eventually learned that Plaintiff filed this EEOC complaint. With respect to the third prong, Plaintiff alleged in his second EEOC complaint that he was terminated on March 27, 2017, (ECF No. 33-13 at PageID.789), which satisfies the materially adverse action prong.

With respect to the causation element, Plaintiff must establish "but-for" causation which "requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Adamov v. U.S. Bank National Association*, 681 Fed. Appx. 473, 477-78 (6th Cir., Mar. 7, 2017). Where the adverse action occurs "very close in time after an employer learns of a protected activity," the causation element is satisfied. *Id.* at 478. However, "where some time elapses" between when the employer learns of a protected activity and the subsequent adverse action, the employee must present "other evidence of

retaliatory conduct to establish causality." *Ibid.*

Plaintiff has not presented evidence establishing when Defendant first learned of his initial EEOC charge, but has presented evidence that Defendant responded to such on January 27, 2017. (ECF No. 33-7 at PageID.653-54). Defendant has likewise presented no evidence indicating when it first learned of Plaintiff's initial EEOC charge. For purposes of the prima facie analysis, therefore, the Court will consider Defendant to have first learned of Plaintiff's initial EEOC complaint on January 27, 2017. The two months that transpired between Defendant's knowledge of Plaintiff's EEOC complaint and Plaintiff's termination from employment is sufficient to establish the causation element of a prima facie case. *See Singfield v. Akron Metropolitan Housing Authority*, 389 F.3d 555, 563 (6th Cir. 2004); *Kuklinski v. Mnuchin*, 2019 WL 1040975 at \*10 (W.D. Ky., Mar. 5, 2019). Thus, Plaintiff has established a prima facie case of unlawful Title VII retaliation. The analysis shifts, therefore, to whether Defendant has presented evidence that it terminated Plaintiff's employment for legitimate, non-retaliatory reasons.

B.        Defendant has Demonstrated a Legitimate, Non-Retaliatory Rationale for its Action

Defendant articulated and published Rules of Conduct for its employees. (ECF No. 28 at PageID.196-98). Defendant posted these Rules in the workplace and also provided Plaintiff with a copy of such. (ECF No. 32 at 384-85). Pursuant to these Rules, offenses are categorized by seriousness. (ECF No. 28 at PageID.197-98). Category A offenses include insubordination, "aggressive physical or other disorderly conduct," and leaving the work site without "prior authorization." (ECF No. 28 at PageID.197-98). The sanction for committing a Category A offense "may" include "immediate termination." (ECF No. 28 at PageID.197).

On November 5, 2007, Plaintiff was given a warning for a "no call, no show" incident (i.e., failing to attend work without providing notice) two days earlier. (ECF No. 28 at PageID.172, 200). On January 24, 2011, Plaintiff was given a warning for "disregard of prescribed work methods, systems or procedures." (ECF No. 28 at PageID.171, 202). On August 11, 2014, Plaintiff was given a warning for making an "offensive" racially-based comment to a co-worker. (ECF No. 28 at PageID.170-71, 176-78, 204).

On December 2, 2016, Plaintiff participated in a work meeting during which he became "aggressive and hostile." (ECF No. 28 at PageID.183, 189-90, 208). Plaintiff was "mad about a policy change" and responded by aggressively throwing a chair underneath a table. (ECF No. 28 at PageID.183, 189-91, 208). As noted above, pursuant to Defendant's work rules, Plaintiff was subject to immediate termination following this incident. Defendant instead opted to "coach" Plaintiff in the hopes that he would modify his behavior going forward. (ECF No. 28 at PageID.208). On January 26, 2017, Plaintiff was given a warning after being late to a work meeting. (ECF No. 28 at PageID.210; ECF No. 32 at PageID.111).

On the morning of March 9, 2017, Plaintiff departed work to attend a dentist appointment without first notifying his supervisor in a timely manner as required by company policy. (ECF No. 28 at PageID.163; ECF No. 33 at PageID.613-15, 672-74). When Plaintiff returned to work, he was approached by two supervisory employees. When Plaintiff was confronted regarding his refusal to timely report that he would be absent to attend the dentist, Plaintiff responded by raising his hand toward one of his supervisors in an aggressive and threatening manner causing her to stumble backward and fall to the ground. (ECF No. 33 at PageID.611-13, 682-83).

Again, as noted above, Defendant could have immediately terminated Plaintiff's employment following this incident. Rather, Plaintiff was suspended from work for three days. (ECF No. 28 at PageID.206). However, in light of his many prior incidents of misconduct, Plaintiff was expressly warned that this was his "final warning" and that any further "violations of the Rules of Conduct or Workplace Harassment Policy will result in the termination of your employment." (ECF No. 28 at PageID.206). On March 15, 2017, Plaintiff failed to attend a mandatory work meeting, after which his employment was terminated. (ESC No. 28 at PageID.212; ESC No. 33 at PageID.427, 438-39, 706-07). This evidence amply demonstrates that Defendant terminated Plaintiff's employment for legitimate, non-retaliatory reasons.

C.      Plaintiff has not Demonstrated that Defendant's Rationale was Pretextual

Because Defendant has demonstrated that it terminated Plaintiff's employment for legitimate, non-retaliatory reasons, the burden shifts back to Plaintiff to demonstrate that Defendant's proffered rationale is merely a pretext for unlawful retaliation. This requires Plaintiff to demonstrate "both that [Defendant's] proffered reason was not the real reason for its action, and that the employer's real reason was unlawful." *Adamov*, 681 Fed. Appx. at 480. Plaintiff has failed to make the requisite showing.

Plaintiff argues that Defendant "concocted" the disciplines which led to his termination. The Court is not persuaded. Plaintiff does not dispute the disciplines noted above for incidents occurring between November 5, 2007, and August 11, 2014. Plaintiff likewise ignores and, therefore, does not dispute that on December 2, 2016, he became "aggressive and hostile" during a work meeting and responded by throwing a chair underneath a table. As previously noted, while Plaintiff could have justifiably been fired following this incident,

Defendant opted to instead address the matter in a less punitive manner in the hopes that Plaintiff would modify his behavior. Plaintiff also does not dispute that he was late to a work meeting on January 26, 2017, resulting in yet another warning regarding his behavior.

With respect to the March 9, 2017 incident regarding Plaintiff departing work to attend a dental appointment, Plaintiff does not dispute that he failed to timely inform his supervisor of this appointment. As one of Plaintiff's supervisors, Michael Bourne, testified, pursuant to Defendant's policies, Plaintiff was required to inform his supervisor of an absence to attend a medical appointment no later than the end of the prior day's shift. (ECF No. 33 at PageID.672-73). Plaintiff concedes that he failed to comply with this requirement. While Plaintiff did inform his supervisor of this appointment prior to attending such, this does not negate Plaintiff's failure to comply with Defendant's policy. Thus, Defendant's decision to impose an attendance penalty on Plaintiff for his behavior was neither "concocted" nor unreasonable.

As for Plaintiff's behavior later that day when confronted by his supervisors, Plaintiff does not dispute raising his hand at one of his supervisors after which she stumbled backward and fell to the ground. Again, while Defendant could have simply terminated Plaintiff following this incident, it decided instead to merely suspend Plaintiff and explicitly inform him that another violation of the work rules would result in his termination.

Finally, as for the March 15, 2017, incident that resulted in his termination, Plaintiff does not dispute that he missed the work meeting in question. Plaintiff claims that he missed the meeting in question because he had been ordered to perform a priority assignment by a co-worker named Rhonda Patterson. However, Plaintiff has presented no evidence confirming the existence of this alleged priority assignment or that his performance of such was consistent with his work

11

responsibilities. As two of Plaintiff's supervisors testified, Patterson lacked the authority to assign Plaintiff tasks. (ECF No. 33 at PageID.569, 704). Plaintiff has presented no evidence to the contrary. Kristi Walker, one of Plaintiff's supervisors, testified that her orders as manufacturing supervisor take precedence over requests by an hourly worker such as Patterson. (ECF No. 33 at PageID.588). As Michael Bourne, another of Plaintiff's supervisors, succinctly stated, Plaintiff was "directly" ordered to attend the meeting question, "it was mandatory, not optional, and he chose not to show up." (706). As Bourne concluded, Plaintiff simply "ignored the authority of his supervisor." (706).

In conclusion, Plaintiff has failed to demonstrate that the events leading to the termination of his employment were concocted. Plaintiff has likewise failed to demonstrate that Defendant's proffered reason for terminating his employment was merely pretextual or that Defendant's real reason for firing him was unlawful. Accordingly, Defendant is entitled to summary judgment as to Plaintiff's Title VII retaliation claim.

**IV.        State Law Claims**

As previously noted, Plaintiff also asserts two state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction." Indeed, "if the federal claims are dismissed before trial. . .the state claims should be dismissed as well." *Taylor v. First of America Bank - Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also*, *Wojnicz v. Davis*, 2003 WL 21774162 at *3 (6th Cir., July 29, 2003) (same). Accordingly, the Court declines to exercise jurisdiction over Plaintiff's state law claims and instead dismisses such without prejudice so that Plaintiff may

pursue them in the appropriate state forum.

## **CONCLUSION**

For the reasons articulated herein, Defendant's Motion for Summary Judgment, (ECF No. 27), is **granted in part and denied without prejudice in part** and this matter is **terminated**. An Order consistent with this Opinion will enter.


Date: May 13, 2019        /s/ Ellen S. Carmody
                 ELLEN S. CARMODY
                 United States Magistrate Judge